# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMARCO YARBROUGH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 07-816-MJR |
| | ) |
| **DONALD HULICK,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center (PCC),[1] brings this action for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff seeks injunctive relief and damages for an allegedly denying him protective custody status at Menard Correctional Center (MCC) in violation of his right to due process of law and the Eighth Amendment. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1]Less than a month after filing the instant complaint, Plaintiff notified the Court that he had been transferred from Menard Correctional Center to Pinckneyville Correctional Center. *See* (Doc. 6).

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**THE COMPLAINT**

Liberally construing the complaint, it appears that Plaintiff had been placed on protective custody status at MCC. Plaintiff alleges that Defendant Butler conducted a protective custody status hearing wherein Plaintiff was informed that his request for placement on protective custody was going to be denied. Plaintiff was informed, however, that he would remain in the protective custody unit on "kick out" status until his grievance concerning the denial of protective custody status could be heard. Plaintiff states that he did not receive a copy of the "IDOC protective custody status form" as required by Department of Correction's regulations. Defendants Hulick, Ford, and Walker are alleged to have approved Butler's decision to deny Plaintiff protective custody status. Plaintiff claims that the actions of the Defendants denied him due process of law and violate his Eighth Amendment rights.

**DISCUSSION**

In the complaint, Plaintiff sought injunctive relief from a decision denying him protective custody status at MCC. As noted above, Plaintiff is no longer at MCC, but instead is currently confined at PCC. Because there is no indication that Plaintiff has sought (or sought and been denied) protective custody status at PCC (or other prison facilities), the Court concludes that Plaintiff's request for injunctive relief is moot. *See Pearson v. Welborn*, 471 F.3d 732, 743 (7th Cir. 2006); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).

**A. Due process claim.**

Plaintiff's claim that the named Defendants denied him due process of law in connection with the denial of his request to be placed in protective custody should be dismissed pursuant to § 1915A. Classifications of inmates implicate neither liberty nor property interests. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Meachum v. Fano*, 427 U.S. 215 (1976). Therefore, plaintiff has no constitutional right to a particular security classification. *Moody v. Daggett*, 429 U.S. 78, 88 & n. 9 (1976). If the state elected to recognize such a right, then he would have an enforceable claim under the Fourteenth Amendment. *Smith v. Shettle*, 946 F.2d 1250, 1252 (7th Cir.1991). However, plaintiff does not allege that the state has created a right to a particular security classification, and the Court is not aware of any such right.

**B. Eighth Amendment claim.**

Denying Plaintiff protective custody status is not itself a violation of Plaintiff's rights; his right under the Eighth Amendment is to be protected against a wide variety of harms including, but not limited to, the denial of adequate food, shelter, clothing, and medical care; dangerous work conditions; and assaults and batteries committed by guards or other inmates. Given the broad scope of harms that fall under the Eighth Amendment, Plaintiff's bald assertion, without more, fails to put the Defendants on adequate notice of the type of Eighth Amendment violation to which Plaintiff claims he was subjected. Fed. R. Civ. P. 8.

Furthermore, assuming for the sake of discussion, that Plaintiff is attempting to assert a right to be adequately protected against a substantial risk of attack by another inmate, defendants infringe that right only if they are deliberately indifferent to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). Because protective custody status is not itself a constitutional right and because prison officials may choose from among numerous ways to manage the risk of inmate on inmate attack, this Court believes that Plaintiff's complaint must spell out, in minimal detail, the connection

between the denial of his protective custody request by the Defendants and the substantial risk of attack by another inmate. *Cf. Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (prisoner complaint alleging access to the courts claim must spell out, in minimal detail, the connection between the denial of access to legal materials and the inability to pursue a legitimate court action). This is especially true where - as here - the complaint states that Plaintiff was never actually kicked out of protective custody (the complaint alleges only that he was *told* that his request to remain on protective custody was denied and that he would be kicked out of protective custody at some future point) and Plaintiff was subsequently transferred to another correctional facility.

### DISPOSITON

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 11th day of June, 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**